**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Robert Hinkle, Brenda Hinkle, John Michael Skinner and Dawn Skinner, <br><br>  Plaintiffs, <br><br> vs. <br><br> Continental Motors, Inc., d/b/a Continental Motors Group; Continental Motors Services, Inc.; Cirrus Design Corporation d/b/a Cirrus Aircraft; and Kavlico Corp., <br><br>  Defendants. | CASE NO. 9:16-cv-3707-RMG <br><br> **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO STAY PROCEEDINGS** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**UNOPPOSED MOTION TO STAY PROCEEDINGS**

### I. INTRODUCTION

Plaintiffs, by and through their undersigned counsel, hereby file their attendant unopposed motion to stay proceedings. Plaintiffs respectfully request this matter be stayed in deference to a related action pending in the Middle District of Florida (the "Florida action"), where the same parties are currently litigating various motions to dismiss for lack of personal jurisdiction. Plaintiffs request this action be stayed until the resolution of those motions.

### II. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from the November 28, 2014 crash of a Cirrus SR22T aircraft, which departed from Sarasota, Florida and crashed in Hampton, South Carolina. The Hinkle and Skinner plaintiffs are residents of Florida and Virginia, respectively, though the Skinner plaintiffs also

maintain a residence in Florida.  Plaintiff Robert Hinkle was the pilot and owner of the accident aircraft.

The Florida action is captioned *Hinkle, et al. v. Continental Motors Inc., et al.*, Case Nos. 8:16-cv-2966-T-36MAP; 8:16-cv-3223-T-24AAS (consolidated) (M.D. Fla.) (ECF Docket Report attached as Ex. A).  In that litigation, defendants Cirrus Design Corporation d/b/a Cirrus Aircraft and Cirrus Industries, Inc. (collectively the "Cirrus" defendants) and defendant Kavlico Corporation ("Kavlico") have moved for dismissal under Rule 12(b)(2) for lack of personal jurisdiction.  The parties have submitted all of their briefing on those motions, which have now been pending for some time.  The Cirrus defendants' motion to dismiss was filed on December 9, 2016, and Kavlico's on January 5, 2017.  Plaintiffs have opposed each motion.

Due to time constraints, Plaintiffs were forced to file this lawsuit as a savings action. Because this action and the Florida action involve the same parties and claims, Plaintiffs seek to stay this action until the various motions to dismiss in the Florida action are decided.

### III.    ARGUMENT

Plaintiff respectfully request the Court stay this case until the District Court for the Middle District of Florida resolves the pending motions to dismiss for lack of personal jurisdiction.  This Court has discretion in deciding whether to grant a stay and must "weigh competing interests and maintain an even balance." *PBM Nutritionals, LLC v. Dornoch Ltd.*, 667 F. Supp. 2d 621, 631 (E.D. Va. 2009) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936); *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183–84 (1952)).  "Before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical." *Landis*, 299 U.S. at 254.  Courts may consider factors relevant to the stay, including (1) whether all necessary parties are present in each action, (2) convenience

to the parties, and (3) judicial economy and comity. *See Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 585–586 (4th Cir. 1953); *PBM Nutritionals*, 667 F. Supp. 2d at 631.

First, the parties to the Florida action are identical to the Parties in this case, as are the various causes of action. To be sure, Plaintiffs have exhibited the docket report for the Florida action to this motion, which shows that the *Hinkle* and *Skinner* cases were consolidated for discovery and that the same defendants have been named in those actions as in this action.

Next, judicial economy and comity would be served by a stay. "Where two federal courts have concurrent jurisdiction over an action, the general principle is to avoid duplicative litigation." *PBM Nutritionals*, 667 F. Supp. 2d at 632 (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)). "Under this principle, a federal court has broad discretion 'to stay its hand pending the outcome of another federal proceeding.'" *Id.* (quoting *United States v. SCM Corp.,* 615 F. Supp. 411, 416 (D. Md. 1985)). Also, a court may consider which action was first-filed in its comity determination. *Id*.

In this case, judicial economy would be best served by allowing time for the disposition of the motions to dismiss in Florida prior to proceeding with this action. The parties agree on this stay, and in the event that one or more of the jurisdictional motions are granted in the Florida action, Plaintiffs intend to pursue those parties in this action. However, the Plaintiffs first-filed the Florida action, extensive briefing has been submitted to that court on the motions to dismiss that are pending, and that court has already entered a scheduling order. Due to the more advanced procedural posture in the Florida action, judicial economy and comity would be best served by staying this action pending resolution of the jurisdictional challenges in Florida.

Finally, there will be no prejudice or inconvenience to any party by staying this matter. As stated above, the parties have conferred and there is no objection to Plaintiffs' request for a stay.

Further, the Parties run the risk of duplicative discovery and motions practice should this matter proceed during the pendency of the motions to dismiss in the Florida action. In short, the requested stay in this case will favor judicial economy and comity, will not prejudice or inconvenience any of the Parties, and will allow for a more efficient resolution to both matters.

## IV.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request this matter be stayed pending resolution of the motions to dismiss in the Florida action. All of the factors discussed above weigh in favor of a stay, which will potentially avoid duplicative litigation. A stay will not prejudice any party, and judicial economy and comity weigh in favor of a stay. Therefore, Plaintiffs respectfully request this matter be stayed pending the resolution of the motions to dismiss in the Florida action.

Dated: March 8, 2017          By:     /s/ D. Charles Dukes
                                      D. Charles Dukes (Fed I.D. # 11751)
                                      cdukes@rpwb.com
                                      **Richardson Patrick Westbrook & Brickman, LLC**
                                      1037 Chuck Dawley Blvd., Bldg. A
                                      Mt. Pleasant, SC 29464
                                      Telephone: (843) 727-6500
                                      Facsimile:  (843) 216-6509

                                      *Attorney for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed with the Court and served on counsel listed below via the Court's ECF system and U.S. Mail on Wednesday, March 08, 2017:

Nicholas E. Pantelopoulos, Esq.
**Kaplan, Massamillo & Andrews, LLC**
70 East 55th Street, 25th Floor
New York, NY  10022
T:  212-922-0450
F:  212-922-0530
nep@kmalawfirm.com
*Counsel for Kavlico Pressure Sensors/Kavlico Corporation*

Patrick E. Bradley, Esq.
Catherine E. Kiernan, Esq.
Gregory D. Speier, Esq.
**Reed Smith LLP**
Princeton Forrestal Village
136 Main St., Suite 250
Princeton, NJ 08540
pbradley@reedsmith.com
ckiernan@reedsmith.com
gspeier@reedsmith.com
lkuhn@reedsmith.com
*Counsel for Cirrus Design Corporation d/b/a Cirrus Aircraft and Cirrus Industries, Inc.*

Juan R. Serrano, Esq.
Peter Joseph Lewis, Esq.
**Griffin & Serrano, PA**
6th Floor
707 SE 3rd Avenue
Ft. Lauderdale, Fl  33316
jserrano@griffinserrano.com
plewis@griffinserrano.com
apavon@griffinserrano.com
service@griffinserrano.com
*Counsel for Continental Motors, Inc., d/b/a Continental Motors Group and Continental Motors Services, Inc.*

Edward M. Mullins, Esq.
**Astigarraga Davis Mullins & Grossman, P.A**.
1001 Brickell Bay Drive, 9th Floor
Miami, FL  33131
emullins@astidavis.com
*Counsel for Cirrus Design Corporation d/b/a Cirrus Aircraft and Cirrus Industries, Inc.*

    /s/ D. Charles Dukes
    D. Charles Dukes (Fed. I.D. #11751)