IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

ROBERT HINKLE, BRENDA HINKLE,
JOHN MICHAEL SKINNER AND
DAWN SKINNER,

    Plaintiffs,

v.                                                      Case No: 9:16-cv-3707-RMG

CONTINENTAL MOTORS, INC. D/B/A
CONTINENTAL MOTORS GROUP; CONTINENTAL
MOTORS SERVICES,INC.; CIRRUS DESIGN
CORPORATION D/B/A CIRRUS AIRCRAFT;
CIRRUS INDUSTRIES, INC.; CUSTOM SENSORS
& TECHNOLOGIES; AND KAVLICO CORP.,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants, CONTINENTAL MOTORS, INC. ("CMI") and CONTINENTAL MOTORS SERVICES, INC. ("CMSI"),[1] collectively ("Continental Defendants"), by and through the undersigned counsel and pursuant to Federal Rules of Civil Procedure 8, 10 and 12(b), hereby move this Court for an Order dismissing all claims and causes of action against the Continental Defendants because: (1) Plaintiffs ROBERT HINKLE ("Mr. Hinkle"), BRENDA HINKLE ("Mrs. Hinkle"), JOHN MICHAEL SKINNER ("Mr. Skinner") and DAWN SKINNER ("Mrs. Skinner") (collectively "Plaintiffs"), are attempting to improperly claim-split; (2) failed to properly plead a cause of action against CMI and CMSI; (3) failed to comply with federal pleading standards

---

[1] Defendant Continental Motors Services, Inc. remains listed as a named defendant in the caption of this case, although the text of the Complaint raises no allegations against Continental Motors Services, Inc. To the extent any of the allegations raised in the Second Amended Complaint are deemed or construed to be against Continental Motors Services, Inc., this Defendant denies such allegations and incorporates the assertions in this Motion to Dismiss.

1

resulting in the instant shotgun pleading; and (4) failed to plead with sufficient facts and specificity to support their claim for Breach of Contract.

## INTRODUCTION

This action arises from a Cirrus SR22T aircraft,[2] bearing registration number N227RR (the "Aircraft"), making an emergency landing and impacting trees in South Carolina on or about November 28, 2014. Plaintiffs have raised claims against the Continental Defendants specifically based on the following: strict liability, negligence, breach of contract, breach of express and implied warranties, fraud, recklessness, outrageousness, willful, and wanton conduct.[3] The Complaint should be dismissed for the reasons set forth below.

## PROCEDURAL POSTURE/BACKGROUND

The instant matter brought by the Plaintiffs has been filed against the same Defendants in the District Court for the Middle District of Florida as follows: Hinkle, Case No. 8:16 CV-02966 CEH, filed October 19, 2016; and Skinner, Case No. 8:16 CV-3223-SCB, filed November 11, 2016 (collectively the "Florida Actions"). The Florida Actions have been consolidated under Case No. 8:16 CV-02966 CEH. On November 22, 2016, the Plaintiffs filed the present case asserting the same causes of action against Defendants, arising out of the same incident and seeking the same relief as that sought in the Florida Actions.

In the Florida Actions, Defendants Cirrus Design Corporation ("Cirrus") and Kavlico Corp. ("Kavlico"), filed Motions to Dismiss respectively, challenging the Florida Court's exercise of personal jurisdiction over these defendants. The Trial Court in the Middle District of Florida granted the Motions to Dismiss by Cirrus and Kavlico and Ordered that Defendants Cirrus Design

---

[2] The Federal Aviation Administration's Registry lists Header Bug LLC as the owner of the Aircraft, despite Plaintiffs' allegation that Robert Hinkle owns the Aircraft.

[3] "Recklessness, Outrageousness, Willful and Wanton Conduct" as alleged in Count XVI is not a recognized cause of action under South Carolina law subjecting this Complaint to dismissal under Fed. R. Civ. P 12(b)(6).

Corporation, Cirrus Industries, Inc. and Kavlico Corporation be dismissed from the case accordingly.

The Continental Defendants also filed a Motion to Dismiss in the Florida Actions asserting a myriad of pleading deficiencies, which the Florida trial court granted and provided leave to amend. Unlike Co-Defendants, Kavlico and Cirrus, the Continental Defendants are not dismissed from the Florida Action with finality and continue to be in active litigation against the Plaintiffs in the instant matter. Upon conferral with counsel for the Plaintiffs, it is the intent of Plaintiffs to continue to pursue the action against the Continental Defendants in Florida, despite the raised allegations and pleadings filed in the instant Court. To that end, on August 7, 2017 the Plaintiffs have reasserted their claims in an Amended Complaint in the Florida Action that remains pending. *[See DE 103 and 104 in Case No. 8:16 CV-02966 CEH]*. Moreover, and as evidence of the Plaintiffs intent to maintain this action within the jurisdiction of the Florida court, Plaintiffs have filed an appeal to the 11th Circuit Court of Appeals of the Middle District of Florida, pertaining to the court's order dismissing both co-defendants, Kavlico and Cirrus, from the ongoing action, and seeking for a reversal.

## **FACTS**

1. On November 28, 2014, Mr. Hinkle piloted the Aircraft out of Sarasota Bradenton International Airport with the intended destination of Orangeburg, South Carolina. [D.E. 1] at ¶¶ 20-22.

2. The Aircraft made an emergency landing in a wooded area near the Hampton-Varnville Airport, in Hampton, South Carolina. [D.E. 1] at ¶¶ 26-39.

3. On November 22, 2016, Plaintiffs filed their Complaint arising from the aforementioned events. [D.E. 1]. The Parties and Claims contained in the Complaint are indistinguishable from the Florida Action.

4. Moreover, the Complaint is deficient as a pleading in many respects. Plaintiffs allege and acknowledge that both CMI and CMSI are separate and distinct corporate entities. [D.E. 1] at ¶¶ 6-7. However, despite the distinction, virtually every allegation that relates to the Continental Defendants improperly refers to the entities as a whole. The Complaint is entirely devoid of any factual allegation to support their pleadings distinctly and as it may pertain to CMI or CMSI as separate co-defendants. [D.E. 1].

5. Furthermore, in an attempt to arguably make distinct factual pleadings, paragraphs 41-44 of the Plaintiff's Complaint is labeled "Claims as to the Continental Defendants." [D.E. 1] at ¶¶ 41-44. However, despite the attempt, these paragraphs are bellied by the fact that each allegation is made to the Defendant's collectively, thereby making it impossible for the Defendant's to properly raise any defense that may be uniquely attributable to a particular Plaintiff. Id. Moreover, and to add to the confusion, the Complaint groups together each and every count as though brought collectively by all of the Plaintiffs. [D.E. 1] at ¶¶ 71-227. This is problematic at best because all of the counts are also combined inextricably with a claim for damages; once again making it impossible for the Continental Defendants to determine who is claiming particular damages and for what specific count. Id.

6. The Complaint is disjointed, repetitive, disorganized and barely comprehensible in that it not only lumps the Continental defendants together, but lumps all claims by reference to each other. [D.E. 1 ¶224] (Count XVI - Plaintiffs incorporates the above paragraphs 1-223 as though fully set forth at length herein.)[4].

7. All four Plaintiffs raise claims against the various defendants for Breach of Contract; however, there are no factual allegations asserted that any of them (particularly the passengers),

---

[4] The version of the Complaint filed in South Carolina parallels the original versions of the Complaints in the Florida Action, which have been dismissed multiple times as "shotgun pleadings". [*See DE 19, pg. 3 and DE 100 - Case No. 8:16 CV-02966 CEH]*.

were in privity of contract with any of the defendants so that they may bring such cause of action. Furthermore, there are no facts alleging which terms of any contract were breached by the Continental defendants. To the Contrary, Plaintiff alleges that Hinkle bought the Aircraft from Cirrus, [D.E. 1, ¶ 141], leaving no contract claims to be raised by any of the remaining three Plaintiffs, nor a contract claim against the Continental Defendants.

## MEMORANDUM OF LAW

### I. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint's factual allegations must be enough to raise a right to relief above speculative level." *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1372 (S.D. Fla. 2015) (Cooke, J.). In other words, a plaintiff must allege sufficient factual content to "nudge" her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). If "allegations are […] more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

### II. Impermissible Claim Splitting

As a general rule, a federal suit may be dismissed "for reasons of wise judicial administration […] whenever it is duplicative of a parallel action already pending in another federal court." *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976). District courts are accorded "a great deal of latitude and

discretion" in determining whether one action is duplicative of another, but generally, a suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Ridge Gold,* 572 F. Supp. at 1213.

In *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 Fed. Appx. 256, (4th Cir. 2008), the Fourth Circuit Court of Appeals, reaffirmed its position on dismissal for claim splitting. "The rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'" *Myers v. Colgate-Palmolive Co.*, 102 F. Supp. 2d 1208, 1224 (D. Kan. 2000). In a claim splitting case, the second suit will be barred if the claim involves the same parties and "arises out of the same transaction or series of transactions as the first claim." *See Trustmark Insur. Co. v ESULU, Inc.*, 299 F.3d 1265, 1269-70 (11th Cir. 2002) (*emphasis added*).

When one suit is pending in federal court, a plaintiff has no right to assert another action "on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139-39 (2d Cir. 2000). Often, the rule against claim splitting applies to prevent a plaintiff from filing a new lawsuit after the court in an earlier action has denied the plaintiff's request for leave to amend to add the claims later asserted in the second lawsuit. *See Northern Assurance Co. Of Am. v. Square D. Co.*, 201 F.3d 84, 87-88 (2d Cir. 2000) (citing string of cases dismissing claim in second suit that was duplicative of claim sought to be amended to first suit); *Pam Capital Funding, L.P. v. New NGC, Inc. (In re Kevco, Inc.)*, 309 B.R. 458, 465-66 (Bankr. N.D. Tex. 2004).

Here, Plaintiffs' active pursuit of its claim against the Continental Defendants in Florida and maintaining of this identical action in the U.S. District Court for the District of South Carolina, against the same Continental Defendants and arising out of the same incident, is tantamount to

impermissible claim-spitting. Accordingly, the Continental Defendants request that they be dismissed from the instant matter.

**III. Plaintiffs Failed to Properly Plead Causes of Action against CMI and CMSI**

Plaintiff violated well-settled federal pleading requirements by not alleging separate factual allegations to put CMI or CMSI on notice as to what they must individually defend against. Federal Rules of Civil Procedure 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading." *Roundtree v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 120687, *11 (M.D. Fla. Dec. 29, 2009) (citing *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). In *Roundtree*, the trial court dismissed an amended complaint because it failed "to align specific conduct with each claim and defendant." *Roundtree*, 2009 U.S. Dist. LEXIS 120687, at *13. The court also found it improper that plaintiff treated 'Countrywide Home Loans, Inc.,' 'Countrywide Bank N.A.' and 'Country Wide Financial' as one, despite the defendants' corporate disclosure statements which represented that Countrywide Financial Corp. is the parent corporation of Countrywide Home Loans, Inc. Id.

In the Complaint of the present case, Plaintiffs impermissibly treat CMI and CMSI as one. Despite acknowledging that the Continental companies are separate corporate entities, Plaintiffs nevertheless lump them together. Plaintiffs fail to align any specific, independent conduct or omission by CMI or CMSI that would subject them to this lawsuit. The Plaintiffs have completely disregarded the corporate boundaries separating the two entities distinctly. As a result, CMI and CMSI are unable to determine how to frame a responsive pleading. CMI should not be forced to speculate as to what each allegedly did or failed to do, giving rise to the claims against it. Instead, Plaintiffs are required to allege a short and plain statement of the claims showing that the pleader is entitled to relief from each defendant, thus asserting the factual conduct by each CMI and CMSI

7

that would subject them to this lawsuit. Until then, the Complaint fails to comply with the minimum pleading requirements set forth by Rule 8 and 10, and should be dismissed as a matter of law.

## IV. The Complaint is a Textbook Shotgun Pleading

The Complaint is an impermissible shotgun pleading. The drafters of the Federal Rules of Civil Procedure created pleading requirements so the "defendant could understand the cause(s) of action the plaintiff was asserting and frame a responsive pleading, and the district court, having a clear and definitive response before it, could recognize the parties' claims and defenses, identify the issues of fact to be litigated, and proceed to a just result." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). The rules require brevity and clarity. Fed. R. Civ. P. 10(b). Complaints that are disorganized, confusing, and repetitive constitute impermissible shotgun pleadings and are disallowed. *See Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice").

The Complaint in this case contains a textbook shotgun pleading that incorporates the same set of general facts and conclusory allegations without any showing of particularity or wrongdoing by the Continental Defendants. The Complaint is not only confusing but voluminous, containing two hundred and twenty seven paragraphs in forty-five pages. Moreover, the Plaintiffs improperly incorporate each and every preceding allegation into the next, thereby making every alleged wrongdoing as though it were to apply to each and every Defendant, regardless of any privity or standing.

For instance, after the closing of each of the first five counts alleged in the Complaint that pertains specifically to the Cirrus Defendant, Plaintiffs re-incorporate each of the same paragraphs

contained within those counts, into the specific counts alleged to pertain solely to the Continental Defendants. Specifically, paragraph 124 of the Complaint states that the Plaintiffs incorporate the preceding paragraphs 1-123, including those that were specifically addressed to the Cirrus Defendants, to apply and as though fully set forth in the continuing allegations against the Continental Defendants. The Complaint then carries on with the same pattern of incorporation into the remaining counts creating more confusion and inability to defend against with any form of particularity. Simply put, the Complaint is confusing, inaccurate, compounding, repetitive, and against proper pleading requirements and should therefore, be dismissed.

**V. Plaintiff's Failed to Plead Sufficient Facts in Support of Their Breach of Contract Claim**

The requirements provided under Rule 8 of the Federal Rules of Civil Procedure are simple, yet mandatory. Rule 8 explicitly states that "[a] pleading that states a claim for relief must contain […] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. Here, the Plaintiffs fail to allege any facts that place CMI or CMSI and the Plaintiffs into a direct contract with privity. For example, the only factual assertion made in Count VIII of the Plaintiff's Complaint for Breach of Contract, is that Mr. Hinkle had purchased the Aircraft directly from the Cirrus Defendants; and through this transaction, Plaintiffs mistakenly allege to have simultaneously and vicariously created direct privity with the Continental Defendants.

In other words, Plaintiffs freely admit that Mr. Hinkle purchased the Aircraft directly from the Cirrus Defendant, and not from CMI or CMSI. Plaintiffs allege no facts evincing any contract— either oral or in writing—between the Plaintiffs and CMI or CMSI. Instead, Plaintiffs make a false, formulaic and conclusory recitation of the elements to a cause of action for breach of contract, in

that, "in exchange for valuable consideration, the Continental Defendants did agree to provide him [Mr. Hinkle] an aircraft engine and components parts."

Additionally, while the Plaintiffs erroneously make conclusory allegations that the Continental Defendants breached a contract, it is unclear which Continental Defendant entered or breached the purported contract. Plaintiffs fail to allege facts demonstrating that either CMI or CMSI had any contract with the Plaintiffs, much less any facts attributable to either entity that would constitute a breach of such contract. Similarly, the Plaintiffs claim for relief[5] due to the breach of contract also fails to allege any facts demonstrating which Plaintiff in fact, would be entitled to it as a result of entering into an alleged contract with the Continental Defendants.

On the contrary, there are no facts alleged to demonstrate that any Plaintiff was in any form of contractual privity with the Continental Defendants, much less that they are all equally entitled to relief from its supposed breach (e.g. Plaintiffs allege to have collectively suffered damages arising from Mr. Hinkle's purchase of the Aircraft from the Cirrus defendants, but fail to show how Mrs. Hinkle, or Mr. and Mrs. Skinner, are in any form of contractual privity with the Continental Defendants, or more importantly, have any standing to support a breach of contract claim altogether). Accordingly, Plaintiffs have failed to plead sufficient facts to support their cause of action for breach of contract and should be dismissed.

## CONCLUSION

The Complaint filed in South Carolina is a textbook example of claim splitting by the Plaintiffs, which in-and-of- itself warrants dismissal. Moreover, the Complaint is an overreaching and careless pleading where Defendants are unable to formulate a response or even understand the allegations against each since such are presented in a lumped, disorganized, confusing, and

---

[5] As an aside, the undersigned would like to point out that although Plaintiffs cause of action for breach of contract should respectively be limited to contract remedies, they have incorrectly merged their request for relief with other remedies that are otherwise more pertinent in Tort liability.

10

repetitive shotgun pleading. The result is a hodgepodge of conclusory allegations lacking the requisite factual support. The alleged breach of contract claims fail to state any privity, any terms of contract or any other necessary element to even surpass the initial pleading stage. Therefore, the Complaint should be dismissed.

**WHEREFORE**, the Continental Defendants respectfully request that this Honorable Court Dismiss the Continental Defendants from this action consistent with the assertions contained herein, along with such other relief this Court deems just and proper.

> **GRIFFIN | SERRANO, P.A.**
> Centennial Bank Building, Sixth Floor
> 707 Southeast 3rd Avenue
> Fort Lauderdale, Florida 33316
> Phone: (954) 462-4002
> Fax: (954) 462-4009
>
> By: */s/ Juan R. Serrano (admitted pro hac vice)*
> Juan R. Serrano
> Florida Bar No. 319510
> Jonathan D. Carvajal
> Florida Bar No. 121485
>
> **WILKES LAW FIRM**
> 200 Meeting Street, Suite 205
> Charleston, South Carolina 29401
> Phone: (843) 737-6229
> Fax: (864) 591-1767
>
> By: */s/ Michael B.T. Wilkes*
> Michael B.T. Wilkes
> S.C. Bar No.: 4658
> S. Harrison Williams
> S.C. Bar No.: 12405

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served on 30 August 2017 via electronic format to all parties in the attached Service List and a copy provided to the Court in response to its Text Order of August 3, 2017 [D.E. 16].

**SERVICE LIST**

Mark H. Perenich, Esquire
Perenich, Caulfield, Avril & Noyes, P.A.
1875 North Belcher Road, Suite 201
Clearwater, Florida 33765
Primary e-mail: mark@usalaw.com
Secondary e-mail: linda@usalaw.com

Michael S. Miska
The Wolk Law Firm
1710-12 Locust St
Philadelphia, PA 19103
Primary e-mail: mmiska@airlaw.com
Secondary e-mail: vgreco@airlaw.com
                  courtfilings@airlaw.com
*Attorney for Plaintiffs*

Tim Heisterhagen, Esq.
Armbrecht Jackson, Esq.
63 South Royal Street
13th Floor Riverview Plaza
Mobile, Alabama 36602
Email: tah@ajlaw.com
Counsel for Continental Motors, Inc., d/b/a Continental Motors Group and Continental Motors Services, Inc.

Edward M. Mullins, Esq.
Reed Smith LLP
1001 Brickell Bay Drive
Suite 900
Miami, Florida 33131
Email: emullins@reedsmith.com

Patrick E. Bradley, Esq
Catherine E. Kiernan, Esq.
Gregory D. Speier, Esq.
Reed Smith LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
pbradley@reedsmith.com
ckiernan@reedsmith.com
gspeier@reedsmith.com
lkuhn@reedsmith.com
Counsel for Cirrus Design Corporation d/b/a Cirrus Aircraft and Cirrus Industries, Inc.

Nicholas E. Pantelopoulos, Esq.
Kaplan, Massamillo & Andrews, LLC
70 East 55th Street, 25th Floor
New York, NY 10022
nep@kmalawfirm.com
Counsel for Kavlico Corporation