IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Robert Hinkle, Brenda Hinkle, John Michael Skinner, *and* Dawn Skinner,<br><br>      Plaintiffs,<br><br>v.<br><br>Continental Motors, Inc., *d/b/a Continental Motors Group*; Continental Motors Services, Inc.; Cirrus Design Corporation *d/b/a Cirrus Aircraft*; Cirrus Industries, Inc.; *and* Kavlico Corp.,<br><br>      Defendants. | Civil Action No. 9:16-3707-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendants Cirrus Design Corporation and Cirrus Industries, Inc.'s motion to dismiss for lack of personal jurisdiction (Dkt. No. 26) and Plaintiffs' motion for jurisdictional discovery (Dkt. No. 34). For the reasons set forth below, the Court grants the motion to dismiss and denies the motion for jurisdictional discovery.

**I.    Background**

On November 28, 2014, Plaintiffs Robert Hinkle, Brenda Hinkle, Dawn Skinner and Michael Skinner, departed from Sarasota/Bradenton International Airport in a nearly new Cirrus S22T aircraft, bearing registration number N227RR (the "Aircraft"), piloted by Mr. Hinkle. (Dkt. No. 1 ¶¶ 20–21, 40.) The intended destination was Orangeburg, South Carolina. (*Id.* ¶ 22.) While flying near Hampton, South Carolina, the aircraft experienced a sudden loss of oil pressure, which caused the aircraft to lose engine power. (*Id.* ¶¶ 25–27.) Because the aircraft would not be able to glide to the nearest airport, Mr. Hinkle activated the aircraft's ballistic parachute system. (*Id.* ¶¶ 35–37.) The parachute did not fully deploy, and the aircraft crash-landed in a wooded area. (*Id.* ¶¶ 36–39.) All passengers were injured. (*Id.* ¶ 39.) Mrs. Hinkle's injuries were serious. (*Id.*)

Post-accident testing showed that the oil transducer was faulty and that the engine did not produce the required power to function properly. (*Id.* ¶¶ 41–44.) Plaintiffs filed suit against the Defendants Cirrus Design Corporation and Cirrus Designs, Inc. (collectively "Cirrus"), Continental Motors, Inc. and Continental Motors Services, Inc. (collectively, "Continental") and Kavlico Corporation, Inc. ("Kavlico"). Plaintiffs allege generally that Kavlico manufactured a defective oil pressure sensor in the aircraft, that Continental manufactured an engine with defects in the fuel delivery system and turbocharger, and that Cirrus manufactured a defective aircraft and misrepresented its airworthiness. (*Id.* ¶¶ 41–54.)

Plaintiffs first filed suit in the Middle District of Florida, but that court dismissed the complaint *sua sponte* as a shotgun pleading. *Hinkle v. Cont'l Motors, Inc.*, No. 8:16-CV-2966-T-36MAP, 2016 WL 6518450, at *1 (M.D. Fla. Oct. 26, 2016). Plaintiffs filed an amended complaint on November 7, 2016. On November 22, 2016, Plaintiffs filed the present action, which is an identical action against the same Defendants. Meanwhile, in the Florida action, Cirrus and Kavlico moved to dismiss for lack of personal jurisdiction in Florida, and Continental moved to dismiss for failure to state a claim, arguing the amended complaint was still a defective pleading. This Court stayed the instant case pending disposition of those motions. In July 2017, the Middle District of Florida granted both motions. *Hinkle v. Cont'l Motors, Inc.*, No. 8:16-CV-2966-T-36MAP, 2017 WL 3333120 (M.D. Fla. July 21, 2017) (against Cirrus and Kavlico); *Hinkle v. Cont'l Motors, Inc.*, No. 8:16-CV-2966-T-36MAP, 2017 WL 3131465 (M.D. Fla. July 24, 2017) (against Continental). The Florida court granted leave to file a second amended complaint against Continental, which was filed on August 7, 2017. A motion to dismiss the second amended complaint is currently pending in the Middle District of Florida. The dismissal of Cirrus and Kavlico for lack of personal jurisdiction is currently pending on appeal in the Eleventh Circuit.

The stay of this case was lifted on August 8, 2017. Shortly thereafter, Cirrus moved to dismiss for lack of personal jurisdiction in South Carolina. "Cirrus" is Cirrus Industries, a Delaware holding company that owns Cirrus Aircraft (sued in this action under the name Cirrus Design Corporation), a Wisconsin corporation having its principal place of business in Duluth, Minnesota. The aircraft at issue was designed, manufactured, tested, sold, and delivered in Minnesota. (Dkt. No. 26-4 ¶¶ 20, 26.) Plaintiffs do not argue general personal jurisdiction over Cirrus exists in South Carolina. Instead, they argue that this Court has specific personal jurisdiction over Cirrus because the mechanical failure and crash occurred in South Carolina and because Cirrus (1) has authorized service centers in South Carolina, (2) has authorized pilot instructors in South Carolina, including one offering a "Cirrus Training Center"and (3) there are 66 Cirrus aircraft registered with the Federal Aviation Administration under South Carolina addresses (nine of which are model SR22T). (*See* Dkt. Nos. 31-1, 31-2, 31-3, 31-4.) Cirrus avers that it (1) is not registered to do business in South Carolina, (2) has no salespersons or other employees in South Carolina, (3) has no property or facilities in South Carolina, (4) has no financial accounts in South Carolina, (5) does not advertise in South Carolina-specific publications, (6) sells products only in Minnesota and Tennessee, and (7) performed no actions in South Carolina that relate in any way to the aircraft at issue. (Dkt. No. 26-4.)

## II. <u>Legal Standard</u>

When a court's personal jurisdiction is challenged, the burden is on the plaintiff to establish that a ground for jurisdiction exists. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When the court resolves the motion on written submissions (as opposed to an evidentiary hearing), the plaintiff need only make a "prima facie showing of a sufficient jurisdictional basis." *Id.* However, the plaintiff's showing must be based on facts set forth in the record. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992). The Court may consider the parties'

pleadings, affidavits, and other supporting documents but must construe them "in the light most favorable to plaintiff, drawing all inferences and resolving all factual disputes in his favor, and assuming plaintiff's credibility." *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 404–05 (D.S.C. 2012) (internal quotation and alteration marks omitted); *see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) ("In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff."). However, a court "need not credit conclusory allegations or draw farfetched inferences." *Sonoco*, 877 F. Supp. 2d at 205 (internal quotation marks omitted).

To meet their burden, Plaintiffs must show (1) that South Carolina's long-arm statute authorizes jurisdiction, and (2) that the exercise of personal jurisdiction complies with the constitutional due process requirements. *E.g., Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). South Carolina has interpreted its long-arm statute to extend to the constitutional limits of due process. *See S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128, 130–31 (S.C. 1992). Thus, the first step is collapsed into the second, and the only inquiry before the court is whether the due process requirements are met. *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999); *Sonoco Prods. Co. v. Inteplast Corp.*, 867 F. Supp. 352, 352 (D.S.C. 1994).

Due process requires that a defendant have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This standard can be met in two ways: "by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002) (citing *Helicopteros Nacionales de*

*Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). To determine whether specific jurisdiction exists, the Court considers "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Md.*, 334 F.3d at 397 (citing *ALS Scan*, 293 F.3d at 711–12; *Helicopteros Nacionales de Colombia*, 466 U.S. at 414 & n.8). In other words, the defendant must have "minimum contacts" with the forum, *see Burger King*, 471 U.S. at 471–76, the cause of action must arise from those contacts, and the exercise of personal jurisdiction must be reasonable. Courts evaluate the reasonableness of personal jurisdiction by considering "(a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering substantive social policies." *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946 (4th Cir. 1994). "Minimum contacts" and "reasonableness" are not independent requirements; rather, they are aspects of the requirement of due process, and thus "considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Burger King*, 471 U.S. at 477.

### III. Discussion

### A. Jurisdiction

Specific personal jurisdiction over Cirrus does not lie in South Carolina. Cirrus has not purposefully availed itself of the privilege of conducting activities in South Carolina because Cirrus conducts no activities in South Carolina. Nor does Cirrus direct activities toward South Carolina. Further, exercise of jurisdiction over Cirrus would not be constitutionally reasonable for at least four reasons. First, defending suit in South Carolina would be burdensome for Cirrus because Duluth, Minnesota is almost 1,400 miles from this Court. Second, although Plaintiff's

injuries occurred in South Carolina, South Carolina has no particular interest in adjudicating alleged manufacturing defects that occurred in Minnesota and caused injury to residents of Florida and Virginia. Third, Plaintiffs have no interest in obtaining relief in South Carolina instead of their home states. *Compare Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) ("In any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown.") *with Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 n.23 (1981) ("[T]he lower federal courts have routinely given less weight to a foreign plaintiff's choice of forum."). Fourth, adjudication in South Carolina would be highly inefficient because most relevant discovery and witnesses will be located in Minnesota.

Plaintiffs bear the burden of showing personal jurisdiction is proper in South Carolina, *Combs*, 886 F.2d at 676, but their only allegations supporting that burden are the presence of Cirrus-authorized service centers and instructors in South Carolina. There is no allegation that Plaintiffs' claims arise out of those activities. But "to exercise specific jurisdiction, the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017) (internal quotation marks omitted). There is no allegation the aircraft had ever been serviced in South Carolina at a Cirrus-affiliated service center. Cirrus, on the other hand, avers that it never serviced the aircraft at issue in South Carolina. (Dkt. No. 26-4 ¶ 30.) Further, there is no allegation that the Florida-resident pilot was trained in South Carolina by a Cirrus-authorized instructor. Plaintiffs therefore fail to make a *prima facie* showing of a sufficient jurisdictional basis for their action against Cirrus to proceed in this District.

## B. Jurisdictional Discovery

Plaintiffs move for jurisdictional discovery if the Court is inclined to grant Cirrus's motion to dismiss. They propose 31 interrogatories and requests for production. (Dkt. No. 34-1.) The purpose of jurisdictional discovery is to prove disputed jurisdictional allegations. *See Gourdine v. Karl Storz Endoscopy-Am., Inc.*, 223 F. Supp. 3d 475, 482 (D.S.C. 2016). Here, even when all disputed facts and reasonable inferences are taken in favor of Plaintiffs, Plaintiffs still fail to make a *prima facie* case for personal jurisdiction. A plaintiff is not entitled to discovery merely because he has failed to show jurisdiction. *See Carefirst of Md., Inc.*, 334 F.3d at 402–03.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Cirrus's motion to dismiss (Dkt. No. 26) and **DENIES** Plaintiffs' motion for jurisdictional discovery (Dkt. No. 34). Cirrus Design Corporation and Cirrus Industries, Inc. are **DISMISSED WITHOUT PREJUDICE** from this action.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 12, 2017
Charleston, South Carolina