IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Robert Hinkle, Brenda Hinkle, John Michael Skinner, *and* Dawn Skinner,<br><br>Plaintiffs,<br><br>v.<br><br>Continental Motors, Inc., *d/b/a Continental Motors Group*; Continental Motors Services, Inc.; Cirrus Design Corporation *d/b/a Cirrus Aircraft*; Cirrus Industries, Inc.; *and* Kavlico Corp.,<br><br>Defendants. | Civil Action No. 9:16-3707-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendants Continental Motors, Inc. and Continental Motors Services motion to dismiss (Dkt. No. 28). For the reasons set forth below, the Court grants the motion.

I. **Background**

On November 28, 2014, Plaintiffs Robert Hinkle, Brenda Hinkle, Dawn Skinner and Michael Skinner, departed from Sarasota/Bradenton International Airport in a nearly new Cirrus S22T aircraft, bearing registration number N227RR, piloted by Mr. Hinkle. (Dkt. No. 1 ¶¶ 20–21, 40.) The intended destination was Orangeburg, South Carolina. (*Id.* ¶ 22.) While flying near Hampton, South Carolina, the aircraft experienced a sudden loss of oil pressure, which caused the aircraft to lose engine power. (*Id.* ¶¶ 25–27.) Because the aircraft would not be able to glide to the nearest airport, Mr. Hinkle activated the aircraft's ballistic parachute system. (*Id.* ¶¶ 35–37.) The parachute did not fully deploy, and the aircraft crash-landed in a wooded area. (*Id.* ¶¶ 36–39.) All passengers were injured. (*Id.* ¶ 39.) Mrs. Hinkle's injuries were serious. (*Id.*)

Post-accident testing showed that the oil transducer was faulty and that the engine did not produce the required power to function properly. (*Id.* ¶¶ 41–44.) Plaintiffs filed suit against the Defendants Cirrus Design Corporation and Cirrus Designs, Inc. (collectively "Cirrus"), Continental Motors, Inc. and Continental Motors Services, Inc. (collectively, "Continental") and Kavlico Corporation, Inc. ("Kavlico"). Plaintiffs allege generally that Kavlico manufactured a defective oil pressure sensor in the aircraft, that Continental manufactured an engine with defects in the fuel delivery system and turbocharger, and that Cirrus manufactured a defective aircraft and misrepresented its airworthiness. (*Id.* ¶¶ 41–54.)

Plaintiffs first filed suit in the Middle District of Florida, but that court dismissed the complaint *sua sponte* as a shotgun pleading. *Hinkle v. Cont'l Motors, Inc.*, No. 8:16-CV-2966-T-36MAP, 2016 WL 6518450, at *1 (M.D. Fla. Oct. 26, 2016). Plaintiffs filed an amended complaint on November 7, 2016. On November 22, 2016, Plaintiffs filed the present action, which is an identical action against the same Defendants. Meanwhile, in the Florida action, Cirrus and Kavlico moved to dismiss for lack of personal jurisdiction in Florida, and Continental moved to dismiss for failure to state a claim, arguing the amended complaint was still a defective pleading. This Court stayed the instant case pending disposition of those motions. In July 2017, the Middle District of Florida granted both motions. *Hinkle v. Cont'l Motors, Inc.*, No. 8:16-CV-2966-T-36MAP, 2017 WL 3333120 (M.D. Fla. July 21, 2017) (against Cirrus and Kavlico); *Hinkle v. Cont'l Motors, Inc.*, No. 8:16-CV-2966-T-36MAP, 2017 WL 3131465 (M.D. Fla. July 24, 2017) (against Continental). The Florida court granted leave to file a second amended complaint against Continental, which was filed on August 7, 2017. A motion to dismiss the second amended complaint is currently pending in the Middle District of Florida. The dismissal of Cirrus and Kavlico for lack of personal jurisdiction is currently pending on appeal in the Eleventh Circuit.

The stay of this case was lifted on August 8, 2017. Shortly thereafter, Continental moved to dismiss, arguing that Plaintiffs' action against it in this Court is impermissible claim splitting and that the complaint fails to meet federal pleading standards.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Continental argues the rule against claim splitting bars this case. The rule against claim splitting is a principle of *res judicata*. *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008). The rule against claim splitting "prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Myers v. Colgate–Palmolive Co.*, 102 F. Supp. 2d 1208, 1224 (D. Kan. 2000). The rule bars a claim that involves the same parties and "arises out of the same transaction or series of transactions as" a previous claim. *See Trustmark Insur. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269–70 (11th Cir. 2002). "To determine whether a plaintiff is claim-splitting, as would support dismissal, the proper question is whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis." 1 Am. Jur. 2d Actions § 99. Claim splitting is an affirmative defense that requires consideration of facts beyond the complaint, but a court may take judicial notice of facts from a prior judicial proceeding if the affirmative defense does not raise a disputed issue of fact. *Kashyap, LLC v. Nat. Wellness USA, Inc.*, No. CIV.A. DKC 11-0459, 2011 WL 2462192, at *3 (D. Md. June 16, 2011); see also *Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010) (same regarding *res judicata*). Thus, claim splitting may be grounds for dismissal under Rule 12(b)(6).

Plaintiffs' claims against Continental are *identical* to the claims first filed in *Hinkle v. Continental Motors, Inc.* in the Middle District of Florida. *Compare* (Dkt. No. 1) *with* Second Amended Complaint, No. 8:16-CV-2966-T-36MAP (M.D. Fla.), ECF 103 (the Hinkles' claims) *and* Amended Complaint, No. 8:16-CV-2966-T-36MAP (M.D. Fla.), ECF 104 (the Skinners' claims). Those claims are still pending in the Middle District of Florida. If there were a final judgment in the Florida case, this case would be precluded by *res judicata* because the parties and claims asserted are identical. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)

("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). This action therefore is claim splitting.

Claim splitting is an equitable doctrine with many exceptions. 1 Am. Jur. 2d Actions § 99. Those exceptions include the following circumstances:

> (a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; or
>
> (b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action; or
>
> (c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief; or
>
> (d) The judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme, or it is the sense of the scheme that the plaintiff should be permitted to split his claim; or
>
> (e) For reasons of substantive policy in a case involving a continuing or recurrent wrong, the plaintiff is given an option to sue once for the total harm, both past and prospective, or to sue from time to time for the damages incurred to the date of suit, and chooses the latter course; or
>
> (f) It is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason, such as the apparent invalidity of a continuing restraint or condition having a vital relation to personal liberty or the failure of the prior litigation to yield a coherent disposition of the controversy.

Restatement (Second) of Judgments § 26 (1982). None of those exceptions applies in the present case. Continental does not agree that Plaintiffs may split their claim—to the contrary, they move to dismiss based on the rule against claim splitting. No court has expressly reserved Plaintiffs right to maintain a second action. Plaintiffs' theory of the case in Florida is identical to their theory of the case here. This case does not involve a continuing harm. Further, jurisdiction over all of Plaintiffs' claims against Continental lies in the Middle District of Florida. *Cf. Borrero v. United*

*Healthcare of N.Y., Inc.*, 610 F.3d 1296 (11th Cir. 2010) (noting the rule against claim splitting does not apply when the first suit is brought in a court that does not have jurisdiction over all of a plaintiff's claims). Because no exceptions to the rule against claim splitting apply, this action is barred.

The Court does not reach Continental's arguments about the sufficiency of the complaint. Those arguments are currently pending before the Middle District of Florida.

## IV. <u>Conclusion</u>

For the foregoing reasons, the Court **GRANTS** Continental's motion to dismiss (Dkt. No. 28). Continental Motors, Inc. and Continental Motors Services are **DISMISSED** from this action.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 12, 2017
Charleston, South Carolina