| | |
|---|---|
| Robert Hinkle, Brenda Hinkle, John Michael Skinner, *and* Dawn Skinner,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Continental Motors, Inc., *d/b/a Continental Motors Group*; Continental Motors Services, Inc.; Cirrus Design Corporation *d/b/a Cirrus Aircraft*; Cirrus Industries, Inc.; *and* Kavlico Corp.,<br><br>　　　　　Defendants. | Civil Action No. 9:16-3707-RMG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendant Kavlico Corporation's motion to dismiss (Dkt. No. 27). For the reasons set forth below, the Court grants in part and denies in part the motion to dismiss.

I. **Background**

On November 28, 2014, Plaintiffs Robert Hinkle, Brenda Hinkle, Dawn Skinner and Michael Skinner, departed from Sarasota/Bradenton International Airport in a nearly new Cirrus S22T aircraft, bearing registration number N227RR, piloted by Mr. Hinkle. (Dkt. No. 1 ¶¶ 20–21, 40.) The intended destination was Orangeburg, South Carolina. (*Id.* ¶ 22.) While flying near Hampton, South Carolina, the aircraft experienced a sudden loss of oil pressure, which caused the aircraft to lose engine power. (*Id.* ¶¶ 25–27.) Because the aircraft would not be able to glide to the nearest airport, Mr. Hinkle activated the aircraft's ballistic parachute system. (*Id.* ¶¶ 35–37.) The parachute did not fully deploy, and the aircraft crash-landed in a wooded area. (*Id.* ¶¶ 36–39.) All passengers were injured. (*Id.* ¶ 39.) Mrs. Hinkle's injuries were serious. (*Id.*)

Post-accident testing showed that the oil pressure transducer was faulty and that the engine did not produce the required power to function properly.[1] (*Id.* ¶¶ 41–44.) Plaintiffs filed suit against the Defendants Cirrus Design Corporation and Cirrus Designs, Inc. (collectively "Cirrus"), Continental Motors, Inc. and Continental Motors Services, Inc. (collectively, "Continental") and Kavlico Corporation, Inc. ("Kavlico"). Plaintiffs allege generally that Kavlico manufactured a defective oil pressure sensor in the aircraft, Continental manufactured an engine with defects in the fuel delivery system and turbocharger, and Cirrus manufactured a defective aircraft and misrepresented its airworthiness. (*Id.* ¶¶ 41–54.)

Plaintiffs first filed suit in the Middle District of Florida, but that court dismissed the complaint *sua sponte* as a shotgun pleading. *Hinkle v. Cont'l Motors, Inc.*, No. 8:16-CV-2966-T-36MAP, 2016 WL 6518450, at *1 (M.D. Fla. Oct. 26, 2016). Plaintiffs filed an amended complaint on November 7, 2016. On November 22, 2016, Plaintiffs filed the present action, which is an identical action against the same Defendants. Meanwhile, in the Florida action, Cirrus and Kavlico moved to dismiss for lack of personal jurisdiction in Florida, and Continental moved to dismiss for failure to state a claim, arguing the amended complaint was still a defective pleading. This Court stayed the instant case, pending disposition of those motions. In July 2017, the Middle District of Florida granted both motions. *Hinkle v. Cont'l Motors, Inc.*, No. 8:16-CV-2966-T-36MAP, 2017 WL 3333120 (M.D. Fla. July 21, 2017) (against Cirrus and Kavlico); *Hinkle v. Cont'l Motors, Inc.*, No. 8:16-CV-2966-T-36MAP, 2017 WL 3131465 (M.D. Fla. July 24, 2017) (against Continental). The Florida court granted leave to file a second amended complaint against Continental, which was filed on August 7, 2017. A motion to dismiss the second amended

---

[1] The transducer is a sensor component that converts sensed pressure into an electrical signal, which is sent to a computer or cockpit gauge. Fed. Aviation Admin., 2 Aviation Maintenance Technician Handbook—Airframe 10-7 (2012).

complaint is currently pending in the Middle District of Florida. The dismissal of Cirrus and Kavlico for lack of personal jurisdiction is currently pending on appeal in the Eleventh Circuit.

The stay of this case was lifted on August 8, 2017. Shortly thereafter, Kavlico moved to dismiss, arguing the complaint fails to comply with federal pleading standards. Specifically, Kavlico argues (1) Plaintiffs have not pleaded a proper breach of contract claim, because they have not alleged the existence of any contract between Kavlico and Plaintiffs; (2) Plaintiffs have not pleaded a proper breach of warranty claim, because they have not alleged where or to whom any express or implied warranty was provided; (3) Plaintiffs have not alleged fraud with the particularity Rule 9(b) of the Federal Rules of Civil Procedure requires; (4) Plaintiffs' asserted cause of action for "recklessness, outrageousness, willful and wanton conduct" is not a cognizable claim; and (5) Plaintiffs' prayer for attorney's fees fails to identify any statute or contract allowing recovery of fees.

Kavlico also complains that many of the factual allegations against Kavlico are identical to allegations against other Defendants, including allegations that are irrelevant to Kavlico. Beyond that general objection to the complaint, Kavlico has not challenged Plaintiffs' claims for strict liability and negligence. Kavlico has not challenged jurisdiction.

## II. <u>Legal Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all

-3-

facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. Discussion

### A. Breach of Contract

Plaintiffs assert a breach of contract claim against Kavlico, alleging they were the intended beneficiaries of a contract between Kavlico and Cirrus or Continental (the alleged counterparty is unclear), which Kavlico allegedly breached, causing the crash at issue. It is unclear what state's substantive law would apply to this claim, because the unidentified contract likely has a choice of law provision. South Carolina's choice of law rule for contract actions applies the substantive law of the *lex loci contratus* for issues regarding formation, interpretation, or validity, and the substantive law of the place of performance for issues regarding performance. *Witt v. American Trucking Associations, Inc.*, 860 F. Supp. 295, 300 (D.S.C. 1994). Plaintiffs allege Kavlico failed to perform as required under the (unidentified) contract. Presumably, the allegedly defective oil pressure sensor was delivered to the manufacturer in Minnesota (though it may have been

delivered instead to another component manufacturer in another state). Under Minnesota law, a claim of breach of contract has four elements: (1) formation of the contract; (2) performance of conditions precedent by the plaintiffs; (3) a material breach of the contract by the defendant; and (4) damages. *Parkhill v. Minn. Mut. Life Ins. Co.*, 174 F. Supp. 2d 951, 961 (D. Minn. 2000). Plaintiffs allege Kavlico entered into a contract to provide functioning oil pressure sensors, breached that contract by failing to provide functioning oil pressure sensors, and the breach damaged Plaintiffs by causing the crash at issue. They therefore have alleged the elements of a breach of contract claim (performance of conditions precedent does not appear to be relevant in this case).

Under Minnesota law and under South Carolina law, "[g]enerally, no one can sue for the breach of contract who is not a party or in privity to the contract. Privity of contract is established by showing legal relationship to the contract or its parties." *Auto. 36, Inc. v. IMYGE Motorcars of Am.*, No. C0-03-292, 2003 WL 22480322, at *2 (Minn. Ct. App. Nov. 4, 2003) (citations omitted); *see also Windsor Green Owners Ass'n, Inc. v. Allied Signal, Inc.*, 605 S.e.2d 750, 752 (S.C. Ct. App. 2004) (same). Third-party beneficiaries can sue for enforcement of a contract "by showing that the contracting parties intended to benefit the third party at the time the contract was executed." *Id.* at *4. "Unless the contract expresses the parties' intent to benefit a third party through contractual performance, the third party is no more than an incidental beneficiary and cannot enforce the contract." *Id.* Identification of the beneficiary in the contract, however, is not a requirement for enforcement by an intended beneficiary. Restatement (Second) of Contracts § 308 (1981). But, "[u]sually, when there is no reference to the third party in the contract, there is no intent to benefit the third party." *Auto. 36*, 2003 WL 22480322, at *4.

Kavlico argues Plaintiffs have not pleaded a proper breach of contract claim because they have not alleged they were in privity of contract with Kavlico. Plaintiffs concede they were not in privity with Kavlico, but allege they were the intended beneficiaries of Kavlico's contract to supply oil pressure sensors.[2] (Dkt. No. 1 ¶ 194.)

Kavlico almost certainly delivered the oil pressure sensor used in the aircraft under some contract, which almost certainly required that the sensor function properly. But the allegation that Plaintiffs were the intended beneficiary of that contract is both conclusory and implausible. It is conclusory because Plaintiffs allege no facts suggesting Plaintiffs were an intended beneficiary of Kavlico's supply contract. It is implausible that Kavlico's contract to supply oil pressure sensors expressly provides all downstream consumers the right to enforce the contract. Assuming the truth of Plaintiffs' non-conclusory allegations and drawing all reasonable inferences in Plaintiffs' favor, Plaintiffs were at most an incidental beneficiary of Kavlico's supply contact, with no right to sue for enforcement. The Court therefore grants the motion to dismiss as to count 13 of the complaint (breach of contract against Kavlico). That claim is dismissed with prejudice.

## B. Breach of Warranty

Product liability actions are usually premised on theories of strict liability, negligence, and warranty. All states except Louisiana have enacted article two of the Uniform Commercial Code (the "Code"), eliminating the need for a choice of law analysis for warranty claims arising from the sale of goods by a merchant. No party has argued for application of foreign substantive law. The Code establishes three types of warranty: (1) implied warranty of merchantability, (2) implied

---

[2] They also argue South Carolina law has relaxed the privity requirement in tort actions against remote vendors who negligently manufacture inherently dangerous articles that cause injury. (*See* Dkt. No. 30 at 10.) That is true but irrelevant to a breach of contract claim. Defendants have not moved to dismiss any tort claim for want of privity.

warranty of fitness for a particular purpose, and (3) express warranty. S.C. Code § 36-2-313 *et seq.* The elements of breach of an express warranty are "1) the existence of an express warranty, (2) breach of an express warranty, and (3) damages proximately caused by the breach." *Brunson v. La.-Pac. Corp.*, 266 F.R.D. 112, 118 (D.S.C. 2010). The elements of breach of the implied warranty of merchantability are "(1) a merchant sold goods; (2) the goods were not "merchantable" at the time of sale; (3) the plaintiff or his property were injured by such goods; (4) the defect or other condition amounting to a breach of the implied warranty of merchantability proximately caused the injury; and (5) the plaintiff so injured gave timely notice to the seller."[3] *Id.* (citing *Seaside Resorts, Inc. v. Club Car, Inc.*, 416 S.E.2d 655, 659 (S.C. Ct. App. 1992) (applying a North Carolina enactment of the Code identical to South Carolina's)). Privity is not required to assert a warranty claim. S.C. Code § 36-2-318. Implied warranties may be expressly disclaimed. S.C. Code § 36-2-316.

Kavlico argues Plaintiffs have not pleaded a proper breach of warranty claim because they fail to identify the purportedly breached implied or express warranties. In response, Plaintiffs provide a copy of Kavlico's express warranty (which is integral to the complaint because it is explicitly referenced in paragraph 202) and argue they have alleged all elements of a warranty claim.[4] The express warranty guarantees Kavlico's products are free from defective materials and workmanship for one year following delivery to the original purchaser. (Dkt. No. 30-3.) It has a written, conspicuous disclaimer of any implied warranty for fitness, but it does not disclaim the implied warranty for merchantability. (*Id.*)

---

[3] The timely notice requirement requires a buyer to provide notice of a breach "within a reasonable time after he discovers or should have discovered any breach." S.C. Code § 36-2-607.

[4] Plaintiffs also argue Cirrus provided a warranty, but how that would establish Kavlico's liability is unclear.

The Court holds that Kavlico's express disclaimer of the implied warranty for fitness for a particular purpose meets requirements set forth in S.C. Code § 36-2-316. Plaintiffs therefore cannot state a claim for breach of the implied warranty for fitness for a particular purpose.

Plaintiffs remaining warranty claims are breach of the implied warranty of merchantability and the express warranty. Plaintiffs have alleged the existence of an express warranty, which they have provided. According to Federal Aviation Administration records, of which this Court may take judicial notice, the aircraft at issue was manufactured in 2014. *See* FAA Registry, http://registry.faa.gov/aircraftinquiry/NNum_Inquiry.aspx. Plaintiffs allege the sensor failed and that the failure was a cause of the crash in 2014. Drawing all reasonable inferences in favor of Plaintiffs, the sensor failed within one year of delivery and caused the aircraft to crash. Plaintiffs therefore have plausibly pleaded breach and damages, and so have pleaded all elements of a claim for a breach of an express warranty. Plaintiffs have also pleaded all elements of a claim for breach of the implied warranty of merchantability. They have alleged Kavlico sold goods, that the goods were defective when manufactured, that the defect proximately caused injury to Plaintiffs, and that, through the accident investigation, Kavlico had notice of the defect within a reasonable time following discovery of the defect.

The Court therefore grants the motion to dismiss as to any claims arising from an implied warranty of fitness for a particular purpose. Those claims are dismissed with prejudice. The motion to dismiss is otherwise denied as to count 14 (warranty claims).

### C. Strict Liability and Negligence Claims

Plaintiffs assert strict product liability and negligence claims against Kavlico. This is a diversity action, and in a diversity action, the Court applies the forum state's choice of law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under South Carolina law, the substantive law controlling a tort claim is "the lex loci delicti, the law of the state in which the

injury occurred." *Boone v. Boone*, 546 S.E.2d 191, 193 (S.C. 2001). In this case, the injury occurred in South Carolina. The Court therefore applies the South Carolina's law on negligence and the South Carolina Defective Product Act. Under South Carolina law, a manufacturer is liable in negligence for injuries proximately caused by a defective condition that could have been prevented by reasonable care. *See Bragg v. Hi-Ranger, Inc.*, 462 S.E.2d 321, 326 (S.C. Ct. App. 1995); Restatement (Second) of Torts § 395 (1965). The South Carolina Defective Products Act provides that anyone who sells a product in a defective condition unreasonably dangerous to the user or consumer is strictly liable for physical harm caused to the ultimate user or consumer, if the seller is in the business of selling the product and the product reaches the consumer without substantial change. S.C. Code § 15-73-10.

Kavlico does not make a specific challenge to these claims. Instead, Kavlico asserts the alleged facts are insufficient to support any claims because they are "carbon copies of the allegations asserted in those same causes of action against the Co-Defendants." (Dkt. No. 27 at 5.) The Court agrees that the complaint could have been drafted with less redundant material, but finds Plaintiffs have sufficiently alleged strict liability and negligence claims against Kavlico. Plaintiffs have plainly alleged that Kavlico is in the business of selling oil pressure sensors, that it sold a dangerously defective sensor, that the sensor reached Plaintiffs in substantially the same condition in which it was manufactured, and that the defective sensor caused physical harm to Plaintiffs. (See Dkt. No. 1 ¶¶ 174–180.) That is sufficient to state a claim for strict liability. Likewise, they have alleged the defect in the sensor proximately caused their injuries and that defect could have been prevented through reasonable care in manufacture. (*Id.* ¶¶ 182–185.) That is sufficient to state a claim for negligent manufacture. The Court therefore denies the motion to dismiss as to count 11 (strict liability) and count 12 (negligence).

## D. Fraud

Plaintiffs allege Kavlico fraudulently misrepresented the oil pressure sensor was safe for use. "A cause of action for fraud requires: (1) a representation of fact; (2) its falsity; (3) its materiality; (4) either knowledge of the falsity of the representation or reckless disregard of its truth or falsity; (5) the intent that the representation be acted on; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the truth of the representation; (8) the hearer's right to rely on the representation; and (9) the hearer's consequent and proximate injury." *Hollman v. Woolfson*, 683 S.E.2d 495, 499 (S.C. 2009). Rule 9(b) of the Federal Rules of Civil Procedure requires that a "party must state with particularity the circumstances constituting fraud or mistake" but allows that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Failure to comply with that requirement is treated as a failure to state a claim under Rule 12(b)(6). *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999).

Kavlico argues Plaintiffs provide a formulaic recitation of the elements of fraud that does not meet the federal pleading standard for fraud. The Court agrees. Particularity means identification of particular false statements, not a sweeping statement that a corporate defendant generally made false representations. *See id.* at 784 ("[T]he 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'"). Plaintiffs fail to identify particular representations that are allegedly false.

Further, Plaintiffs fail to allege that aircraft pilots and passengers are members of a class of persons Kavlico had reason to expect would rely upon its representations concerning components of oil pressure sensors. *See* Restatement (Second) of Torts § 531 (1977) ("One who makes a fraudulent misrepresentation is subject to liability to the persons or class of persons whom

he intends or has reason to expect to act or to refrain from action in reliance upon the misrepresentation . . . ."). Kavlico's representations are made to manufacturers who use Kavlico's parts in aircraft or aircraft components, not aircraft passengers. Aircraft passengers are reasonably expected to rely on the aircraft manufacturer's (or the operator's) representation of airworthiness, not each representation made by each component manufacturer regarding each component. With larger aircraft, such reliance would be impossible. For example, a Boeing 777 has 3 million parts from more than 900 suppliers. Eric Fetters, *Fine Line*, Boeing Frontiers, April 2010, at 30. Even the small Cirrus S22T aircraft at issue in this case has thousands of parts from many manufacturers. *See* Cirrus, Cirrus Component Maintenance Manual Models SR22/SR22T (2016). Likewise, Plaintiffs fail to allege actual knowledge of Kavlico's representations with any particularity, rendering their general allegation that they relied upon Kavlico's representations implausible. An allegation that each Plaintiff had actual knowledge of representations Kavlico made to Continental or Cirrus about the oil pressure sensor is implausible absent some specific and unusual factual allegation.[5]

The Court therefore grants the motion to dismiss as to count 15 (fraud). Because any attempt to cure the defects in Plaintiffs' fraud claim against Kavlico would be futile, Plaintiffs' fraud claims are dismissed with prejudice.

---

[5] Express warranty claims and implied warrant of merchantability claims, by contrast, do not require the reliance required by fraud claims. Claims for breach of an implied warranty of fitness for a particular purpose do require reliance, *Hite v. Ed Smith Lumber Mill, Inc.*, 420 S.E.2d 860, 862 (S.C. Ct. App. 1992), except when a product is used for its ordinary purpose, in which case the implied warranties of merchantability and fitness merge and reliance is not required, *McHugh v. Carlton*, 369 F. Supp. 1271, 1276 (D.S.C. 1974).

### E. Outrageousness

Plaintiffs assert a cause of action for "recklessness, outrageousness, willful and wanton conduct." Kavlico argues no such cause of action exists. These terms, however, are well-established classes of tortious conduct that are intermediate between simple negligence and intentional torts. "A conscious failure to exercise due care constitutes willfulness." *Hawkins v. Pathology Assocs. of Greenville, P.A.*, 498 S.E.2d 395, 405 (S.C. Ct. App. 1998). In South Carolina, recklessness is synonymous with willfulness. *Berberich v. Jack*, 392 S.C. 278, 287, 709 S.E.2d 607, 612 (2011) ("Recklessness implies the doing of a negligent act knowingly; it is a conscious failure to exercise due care." (internal quotation marks omitted)). Wantonness means essentially the same thing: An act committed in such manner that a person of ordinary reason and prudence would say that it was a reckless disregard of another's rights is wanton. *See Norris v. Greenville, S&A Ry. Co.*, 97 S.E. 848 (1919). The Court reads "outrageousness" as mere surplusage and not as an attempt to assert the South Carolina tort of outrage.

Essentially, this claim asserts that Kavlico's alleged negligence was so egregious that punitive damages should be awarded because Kavlico allegedly was aware of the defect in its sensor and the danger that defect created, but nevertheless provided no warning or correction. (Dkt. No. 1 ¶¶ 226–27.) The Court finds this claim is pleaded adequately. Kavlico is on notice that Plaintiffs allege Kavlico had actual knowledge of the defect and the danger it posed yet decided to take action. The Court therefore denies the motion to dismiss as to count 16 (recklessness).

### F. Attorney's Fees

In each of their causes of action, Plaintiffs pray for an award of attorney's fees. Plaintiffs allege no contract providing for attorney's fees and they identify no applicable statute that provides for attorney's fees. Kavlico objects that because Plaintiffs identify no contractual or statutory basis

for an award of attorney's fees, the prayers for attorney's fees should be stricken. "The general rule is that attorney's fees are not recoverable unless authorized by contract or statute." *Blumberg v. Nealco, Inc.*, 427 S.E.2d 659, 660 (S.C. 1993). In response, Plaintiffs merely state, "At this time, it is not clear whether an award of attorneys' fees will be appropriate in this action, or whether a justification for the award of such fees will arise during litigation between the parties." (Dkt. No. 30 at 16.) The Court agrees with Kavlico that statement is essentially an admission that Plaintiffs have no basis to seek attorney's fees. The Court therefore grants the motion to dismiss as to count 17 (attorney's fees). Plaintiffs' prayer for attorney's fees is stricken from each count of the complaint.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Kavlico's motion to dismiss (Dkt. No. 27). The Court **DISMISSES WITH PREJUDICE** counts 13 (breach of contract) and 15 (fraud) of the complaint. Count 14 (breach of warranty) is **DISMISSED WITH PREJUDICE** only as to any claims arising from an implied warranty of fitness for a particular purpose. The motion to dismiss is otherwise **DENIED**. The Court **STRIKES** Plaintiff's prayer for attorney's fees from each count of the complaint.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October /5, 2017
Charleston, South Carolina